IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:00-CR-77-BO
No. 5:02-CV-726-BO

| | |
|---|---|
| ISABEL GONZALEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause comes before the Court on remand from the court of appeals following this Court's dismissal of petitioner's motion pursuant to 28 U.S.C. § 2255. The appellate court granted a certificate of appealability on two issues: whether this Court had jurisdiction to reopen its denial of petitioner's 2005 § 2255 motion and whether petitioner's counsel was ineffective in allegedly failing to counsel him regarding an appeal. By opinion entered May 6, 2014, the court of appeals held that this Court had jurisdiction to consider petitioner's claims but that it failed to make a finding as to whether trial counsel had counseled petitioner regarding a direct appeal. [DE 111]. The court of appeals thus remanded this matter for this Court to address this remaining allegation. A hearing on this matter was held before the Court in Raleigh, North Carolina on October 29, 2014 at 10:00 A.M.

## BACKGROUND

The Court incorporates by reference as if fully set forth herein the factual and procedural background of this matter as recited in its order entered May 16, 2012 [DE 105].

## DISCUSSION

Petitioner, Mr. Gonzalez, contends that his trial attorney, Ms. Aguirre, provided ineffective assistance of counsel when she did not file a direct appeal following his sentencing although she was instructed to do so. In order to demonstrate that the assistance of his counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Defense counsel's failure to file a notice of appeal when requested deprives a defendant of his Sixth Amendment right to effective assistance of counsel, even if the requested appeal will likely not succeed. *United States v. Peak*, 992 F.2d. 29, 42 (4th Cir. 1993).

The Court's earlier finding that Mr. Gonzalez did not request that Ms. Aguirre file a direct appeal has not been disturbed. However, the Court now finds that Ms. Aguirre's performance was deficient under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). In *Flores-Ortega*, the Supreme Court addressed counsel's duty to consult with a defendant regarding an appeal. *Id.* at 478 (citing *Strickland*, 466 U.S. at 688). Counsel has a duty to consult with a defendant about an appeal when "there is reason to think either (1) that a rational defendant would want to appeal . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. Whether a defendant was convicted following a guilty plea that contained an appeal waiver and whether the sentence received was the one bargained for as a part of the plea agreement are factors to be considered when determining whether a rational defendant would have wanted to appeal. *United States v. Poindexter*, 492 F.3d 263, 268 (4th Cir. 2007).

2

Even if counsel's performance regarding the duty to consult was objectively unreasonable, a petitioner must still demonstrate prejudice resulting therefrom. *Frazer v. South Carolina*, 430 F.3d 696, 707 (4th Cir. 2005). If counsel did not "fulfill his consultation obligations, prejudice will be presumed if the defendant can show that, had he received reasonable advice from his attorney, he would have instructed his attorney to file a timely notice of appeal." *Poindexter*, 492 F.3d at 268-69. A petitioner may also demonstrate prejudice by showing that a rational defendant would want to appeal because there were non-frivolous issues for appeal or petitioner had sufficiently indicated his interest in appealing. *Frazer*, 430 F.3d at 707-08.

Here, Mr. Gonzalez pleaded guilty in this matter pursuant to a plea agreement in which he waived his right to appeal his conviction or sentence. [DE 20]. During her testimony in 2004 and in 2012, Ms. Aguirre stated that she had no direct recollection of advising Mr. Gonzalez of his right to appeal following his sentencing. However, she stated that it was her habit and practice to discuss with her clients the options of either cooperating or continuing to cooperate with the government or filing an appeal. Specifically, Ms. Aguirre testified that after Mr. Gonzalez's sentencing hearing "I would have told him when I went to see him on that day that if he wanted to appeal that he could, but if he wanted to continue to cooperate, then I would advise him against appealing, as well as the fact that his plea agreement had an appeal waiver in it." [DE 110 at 41]. Ms. Aguirre noted that her office records reflect that a Rule 35 file was opened for Mr. Gonzalez and that de-briefing meetings continued to be held following Mr. Gonzalez's sentencing. Ms. Aguirre further stated that she had found no non-frivolous grounds for appeal regarding Mr. Gonzalez's conviction or sentence. At the most recent hearing Ms. Aguirre repeated this testimony.

3

Mr. Gonzalez testified that he never met with Ms. Aguirre after his sentencing and that the debriefing that occurred afterwards was without counsel. Mr. Gonzalez was sentenced to 365 months' imprisonment which was at the high end of his guideline range of 292–365 months' imprisonment. [DE 24]. Mr. Gonzalez testified that his attorney had prepared him to receive a 5k motion from the government that would result in a sentence in the range of 84 months' imprisonment. There is no evidence in the record that a 5k motion was ever filed. This evidence leads the Court to a finding that a rational defendant would have appealed petitioner's sentence. Further, the Court finds that Ms. Aguirre did not consult with defendant as to his right to file an appeal. As to this issue, the petitioner is found to be more credible than the faded recollection of Ms. Aguirre. Accordingly, petitioner's right to counsel was violated by this failure on Ms. Aguirre's part. Finally, the Court finds that this failure was prejudicial to defendant because he has adequately demonstrated that he would have appealed should have received reasonable advice from his attorney. *Poindexter*, 492 F.3d at 268-69. A defendant sentenced to 365 months' imprisonment has little to lose by filing an appeal and is potentially able to continue his cooperation with the government despite such an appeal. The appropriate remedy in this instance is to vacate Mr. Gonzalez's sentence and impose a new, identical sentence so that Mr. Gonzalez may, if he so wishes, file a direct appeal. *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Mongold*, 259 F. App'x 539, 540 (4th Cir. 2007) (listing cases).

## CONCLUSION

For the foregoing reasons, the Clerk is DIRECTED to VACATE the judgment of conviction entered in this matter on October 2, 2001, and to re-enter a new, identical judgment of conviction from which Mr. Gonzalez may appeal consistent with the Federal Rules of Appellate Procedure. Mr. Tarlton will remain as petitioner's counsel through the filing of the notice of appeal.


SO ORDERED, this 3 day of November, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE